**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4712**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

MELVIN SANDERS, a/k/a Cool,

                 Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, District Judge.  (2:13-cr-00049-JPB-JSK-3)

Submitted: April 29, 2015         Decided:  June 19, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott Curnutte, CURNUTTE LAW, Elkins, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Sanders appeals his 120-month prison sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine. The district court sentenced him above his advisory Guidelines range of 51 to 63 months. On appeal, Sanders contends that the district court procedurally erred by failing to sufficiently justify its sentence or address the parties' arguments, and also that his sentence is substantively unreasonable because it is greater than necessary to achieve the aims of sentencing under 18 U.S.C. § 3553(a) (2012). We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to . . . adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines

2

range." Id. "[I]f the sentence is outside the Guidelines range . . . [we] may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." Lymas, 781 F.3d at 113 (citation and internal quotation marks omitted). "In imposing a variance sentence, the district court must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." Id. (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Id. (citation and internal quotation marks omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (citation and internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The district court made an individualized assessment based on the facts presented, applied the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and adequately explained the particular reasons supporting its sentence. Among other things, the court found that Sanders's criminal history category underrepresented his criminal history. Sanders acknowledged that his criminal history was "extensive" but argued that the recidivism rate for a person who is over 50 years old is "vanishingly small." However, Sanders was over 50 when he committed the instant crime, and based on his repeated pattern of returning to illegal activities after incarceration, the court reasonably rejected Sanders's argument and found that the only way to protect the public and society from his illegal activity was a long period of incarceration. We also conclude that the 10-year prison sentence, which is 4.75 years above the high end of the advisory Guidelines range, is substantively reasonable under the totality of the circumstances.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4